1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7  QUINCY A. SIMS,                                  CASE NO. 1:11-cv-00931-DLB PC

8                   Plaintiff,                      ORDER DISMISSING CERTAIN CLAIMS
                                                    AND DEFENDANT
9         v.
                                                    (DOC. 7)
10 C. WEGMAN, et al.,

11                   Defendants.
                                            /
12

13                              **Screening Order**

14 **I.      Background**

15         Plaintiff Quincy A. Sims ("Plaintiff") is a prisoner in the custody of the California

16 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

17 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 9, 2011, Plaintiff

18 initiated this action by filing his Complaint.  On December 19, 2011, the Court dismissed the

19 complaint for failure to state a claim, with leave to amend.  On January 11, 2012, Plaintiff filed

20 his First Amended Complaint.  Doc. 7.

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

25 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

28 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

                                            1

1   1915(e)(2)(B)(ii).

2          A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

8   *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are

9   not. *Id.*

10  **II.       Summary Of First Amended Complaint**

11         Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California,

12  where the events giving rise to this action occurred.  Plaintiff names as Defendants C. Wegman,

13  community resource manager at KVSP, and B. Daveiga, appeals coordinator at KVSP.

14         Plaintiff alleges the following.  Plaintiff is a member of the Nation of Islam.  According

15  to Plaintiff, his dietary needs can only be met with the Jewish kosher diet, not the vegetarian or

16  meat alternative diet.  Followers of the Nation of Islam's teachings are to eat foods that increase

17  mental power and physical appearance, and to prevent illness. Plaintiff contends that members of

18  the Nation of Islam are strictly advised not to eat food from cans or wax containers, to avoid

19  bleached, white enriched flour foods, and to reduce fat intake.  The vegetarian or meat alternative

20  diet consists mostly of foods forbidden for a Muslim in the Nation of Islam.  The kosher diet is

21  composed of fruits, vegetables, nuts, tinned, fish, dairy products, and kosher cereal, and should

22  be provided to Nation of Islam inmates.  Plaintiff also requests the food be served on disposable

23  plates with disposable utensils.  Plaintiff's religion requires that Nation of Islam meals be served

24  on plates and eaten with utensils that have not come in contact with non-kosher items.

25         Plaintiff provided Defendant C. Wegman with documentation regarding his membership

26

27

28

1 in the Nation of Islam and being a student of the honorable Elijah Muhammad's teachings.[1]

2 Defendant C. Wegman found that he qualified for a religious diet, but only offered vegetarian or

3 meat alternative diet.  Defendant C. Wegman did not consider the laws of Plaintiff's religion,

4 referring to Plaintiff as a Christian and finding that he is not entitled to kosher food because he is

5 not practicing the Jewish faith.  Defendant B. Daveiga repeatedly refused to process Plaintiff's

6 appeal, rejecting it and badgering and humiliating Plaintiff.

7       Plaintiff requests as relief accommodations to receive kosher food while housed at KVSP,

8 suspension of Defendants without pay, and an award of nominal and/or punitive damages.[2]

9 **III.**    **Analysis**

10     **A.**       **First Amendment - Exercise of Religion**

11       Plaintiff contends that Defendant Wegman denied Plaintiff the ability to practice his faith

12 with regards to his dietary needs.  The Court construes Plaintiff's claim as a First Amendment

13 claim for the free exercise of religion.

14       "The right to exercise religious practices and beliefs does not terminate at the prison door.

15 The free exercise right, however, is necessarily limited by the fact of incarceration, and may be

16 curtailed in order to achieve legitimate correctional goals or to maintain prison security."

17 *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342

18 (1987) ); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely

19 held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d

20 878, 884-885 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) );

21 *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) ).  Under this standard, "when a prison

22 regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably

23

24       [1] Though Plaintiff fails to allege when he provided this information, a review of the court docket

25 and Plaintiff's prior complaint indicates that he submitted a religious diet request on April 13, 2011.

26       [2] The Court may not impose any form of work suspension on Defendants.  Such relief is beyond
the scope of this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction

27 over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights
of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir.

28 1983).

1   related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

2          First, "there must be a valid, rational connection between the prison regulation and the

3   legitimate government interest put forward to justify it," and "the governmental objective must

4   itself be a legitimate and neutral one." *Id*.  A second consideration is "whether there are

5   alternative means of exercising the right that remain open to prison inmates." *Id*. at 90 (internal

6   quotations and citation omitted).  A third consideration is "the impact accommodation of the

7   asserted right will have on guards and other inmates, and on the allocation of prison resources

8   generally." *Id*.  "Finally, the absence of ready alternatives is evidence of the reasonableness of a

9   prison regulation." *Id*.

10          "Inmates . . . have the right to be provided with food sufficient to sustain them in good

11   health that satisfies the dietary laws of their religion." *McElyea*, 833 F.2d at 198  Plaintiff alleges

12   that Defendant Wegman denied Plaintiff the kosher diet, though Plaintiff had informed her that

13   the kosher diet was the only religious diet that conformed with his beliefs.  Plaintiff has alleged

14   sufficient facts to state a claim for violation of the First Amendment Free Exercise Clause against

15   Defendant Wegman.

16          **B.      RLUIPA**

17          The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

18          No government shall impose a substantial burden on the religious exercise of a person
            residing in or confined to an institution ..., even if the burden results from a rule of
19          general applicability, unless the government demonstrates that imposition of the burden
            on that person—
20
                   (1) is in furtherance of a compelling government interest; and
21
                   (2) is the least restrictive means of furthering that compelling government interest.
22

23   42 U.S.C. § 2000cc–1.  RLUIPA "mandates a stricter standard of review for prison regulations

24   that burden the free exercise of religion than the reasonableness standard under *Turner*." *Shakur*

25   *v. Schriro*, 514 F.3d 878, 888 (9th Cir.2008) (citing *Warsoldier v. Woodford*, 418 F.3d 989, 994

26   (9th Cir.2005)).  The Supreme Court has noted "RLUIPA ... protects institutionalized persons

27   who are unable freely to attend to their religious needs and are therefore dependent on the

28   government's permission and accommodation for exercise of their religion." *Cutter v.*

1  *Wilkinson*, 544 U.S. 709, 721 (2005).  RLUIPA defines religious exercise to include "any

2  exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42

3  U.S.C. § 2000cc–5(7)(A); *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024,

4  1034 (9th Cir. 2004).  "'[F]or a land use regulation to impose a "substantial burden," it must be

5  "oppressive" to a "significantly great" extent. That is, a "substantial burden" on "religious

6  exercise" must impose a significantly great restriction or onus upon such exercise.'"  *Warsoldier*,

7  418 F.3d at 995 (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034

8  (9th Cir. 2004)).  Plaintiff alleges that Defendant Wegman denied Plaintiff's request to be on the

9  kosher diet, which Plaintiff contends is the only religious diet available that satisfies his religious

10  dietary needs.  Plaintiff has alleged sufficient facts to state a claim for violation of RLUIPA

11  against Defendant Wegman.

12       **C.       Due Process - Inmate Appeals**

13       Plaintiff contends that Defendant Daveiga violated his rights under the Due Process

14  Clause of the Fourteenth Amendment by rejecting Plaintiff's inmate appeals regarding his

15  religious diet.  Plaintiff appears to contend that Defendant Daveiga should have processed his

16  appeals on the merits rather than reject them procedurally.  Plaintiff fails to state a claim.  There

17  is no due process right to the specific processing of Plaintiff's inmate appeal.  *Ramirez v. Galaza*,

18  334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a

19  specific prison grievance procedure.").  Plaintiff thus fails to state a claim against Defendant

20  Daveiga for violation of the Due Process Clause of the Fourteenth Amendment.

21  **IV.     Conclusion And Order**

22       Leave to amend was previously granted in this action.  Further leave to amend will be

23  denied. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

24       Accordingly, it is HEREBY ORDERED that:

25       1.      This action proceed on Plaintiff's First Amended Complaint, filed January 11,

26               2012, against Defendant C. Wegman for violation of the Free Exercise Clause of

27               the First Amendment and RLUIPA;

28       2.      Plaintiff's due process claim against Defendant Daveiga is dismissed with

1    prejudice for failure to state a claim; and

2       3.      Defendant Daveiga is dismissed from this action.

3    IT IS SO ORDERED.

4    **Dated:**   **June 13, 2012**          **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28