# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY A. SIMS, | CASE NO. 1:11-cv-00931-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANT |
| v. | (DOC. 7) |
| C. WEGMAN, et al., | |
| Defendants. | |

## Screening Order

### I.  Background

Plaintiff Quincy A. Sims ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 9, 2011, Plaintiff initiated this action by filing his Complaint.  On December 19, 2011, the Court dismissed the complaint for failure to state a claim, with leave to amend.  On January 11, 2012, Plaintiff filed his First Amended Complaint.  Doc. 7.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of First Amended Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants C. Wegman, community resource manager at KVSP, and B. Daveiga, appeals coordinator at KVSP.

Plaintiff alleges the following. Plaintiff is a member of the Nation of Islam. According to Plaintiff, his dietary needs can only be met with the Jewish kosher diet, not the vegetarian or meat alternative diet. Followers of the Nation of Islam's teachings are to eat foods that increase mental power and physical appearance, and to prevent illness. Plaintiff contends that members of the Nation of Islam are strictly advised not to eat food from cans or wax containers, to avoid bleached, white enriched flour foods, and to reduce fat intake. The vegetarian or meat alternative diet consists mostly of foods forbidden for a Muslim in the Nation of Islam. The kosher diet is composed of fruits, vegetables, nuts, tinned, fish, dairy products, and kosher cereal, and should be provided to Nation of Islam inmates. Plaintiff also requests the food be served on disposable plates with disposable utensils. Plaintiff's religion requires that Nation of Islam meals be served on plates and eaten with utensils that have not come in contact with non-kosher items.

Plaintiff provided Defendant C. Wegman with documentation regarding his membership

in the Nation of Islam and being a student of the honorable Elijah Muhammad's teachings.[1] Defendant C. Wegman found that he qualified for a religious diet, but only offered vegetarian or meat alternative diet. Defendant C. Wegman did not consider the laws of Plaintiff's religion, referring to Plaintiff as a Christian and finding that he is not entitled to kosher food because he is not practicing the Jewish faith. Defendant B. Daveiga repeatedly refused to process Plaintiff's appeal, rejecting it and badgering and humiliating Plaintiff.

Plaintiff requests as relief accommodations to receive kosher food while housed at KVSP, suspension of Defendants without pay, and an award of nominal and/or punitive damages.[2]

### III.     Analysis

#### A.     First Amendment - Exercise of Religion

Plaintiff contends that Defendant Wegman denied Plaintiff the ability to practice his faith with regards to his dietary needs. The Court construes Plaintiff's claim as a First Amendment claim for the free exercise of religion.

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987) ); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. *Shakur v. Schriro*, 514 F.3d 878, 884-885 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) ); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) ). Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably

---

[1] Though Plaintiff fails to allege when he provided this information, a review of the court docket and Plaintiff's prior complaint indicates that he submitted a religious diet request on April 13, 2011.

[2] The Court may not impose any form of work suspension on Defendants. Such relief is beyond the scope of this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Id*. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id*. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id*. "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id*.

"Inmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea*, 833 F.2d at 198  Plaintiff alleges that Defendant Wegman denied Plaintiff the kosher diet, though Plaintiff had informed her that the kosher diet was the only religious diet that conformed with his beliefs. Plaintiff has alleged sufficient facts to state a claim for violation of the First Amendment Free Exercise Clause against Defendant Wegman.

**B.     RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
>     (1) is in furtherance of a compelling government interest; and
>
>     (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1. RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under *Turner*." *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir.2008) (citing *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005)). The Supreme Court has noted "RLUIPA ... protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v.*

4

*Wilkinson*, 544 U.S. 709, 721 (2005).  RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc–5(7)(A); *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).  "'[F]or a land use regulation to impose a "substantial burden," it must be "oppressive" to a "significantly great" extent. That is, a "substantial burden" on "religious exercise" must impose a significantly great restriction or onus upon such exercise.'" *Warsoldier*, 418 F.3d at 995 (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).  Plaintiff alleges that Defendant Wegman denied Plaintiff's request to be on the kosher diet, which Plaintiff contends is the only religious diet available that satisfies his religious dietary needs.  Plaintiff has alleged sufficient facts to state a claim for violation of RLUIPA against Defendant Wegman.

    **C.**    **Due Process - Inmate Appeals**

Plaintiff contends that Defendant Daveiga violated his rights under the Due Process Clause of the Fourteenth Amendment by rejecting Plaintiff's inmate appeals regarding his religious diet.  Plaintiff appears to contend that Defendant Daveiga should have processed his appeals on the merits rather than reject them procedurally.  Plaintiff fails to state a claim.  There is no due process right to the specific processing of Plaintiff's inmate appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").  Plaintiff thus fails to state a claim against Defendant Daveiga for violation of the Due Process Clause of the Fourteenth Amendment.

**IV.**    **Conclusion And Order**

Leave to amend was previously granted in this action.  Further leave to amend will be denied.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed January 11, 2012, against Defendant C. Wegman for violation of the Free Exercise Clause of the First Amendment and RLUIPA;

2. Plaintiff's due process claim against Defendant Daveiga is dismissed with

1  prejudice for failure to state a claim; and

2  3. Defendant Daveiga is dismissed from this action.

3  IT IS SO ORDERED.

4  Dated: **June 13, 2012**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

6