**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY A. SIMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. WEGMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00931-DLB PC<br><br>**ORDER DENYING PLAINTFF'S REQUEST FOR ENTRY OF DEFAULT** (ECF No. 13)<br><br>**ORDER STRIKING PLAINTIFF'S SURREPLY** (ECF No. 23)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** (ECF No. 14) |

**I.     Background**

　　　　Plaintiff Quincy A. Sims ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint against Defendant C. Wegman for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000. On November 19, 2012, Defendant filed a Motion to Dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to exhaust administrative remedies. ECF No. 14. On December 14, 2012, Plaintiff filed his Opposition. ECF No. 17.[1] On December 19, 2012, Defendant filed a Reply. ECF No. 21. The matter is submitted pursuant to

---

[1] Defendant's motion to dismiss for failure to exhaust administrative remedies was served with a concurrent notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as required by *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).

1

Local Rule 230(l).

On January 7, 2013, Plaintiff filed a reply to Defendants' reply, which the Court construes as a surreply. Surreplies are not permitted by the Local Rules of this Court. *See* L.R. 230(l) (motions in pro se prisoner civil actions are deemed submitted after the filing of a reply). The Court did not request a surreply from Plaintiff. Accordingly, it is HEREBY ORDERED that Plaintiff's surreply is stricken.[2]

## II.     Summary of First Amended Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendant C. Wegman, community resource manager at KVSP.

Plaintiff alleges the following. Plaintiff is a member of the Nation of Islam. According to Plaintiff, his dietary needs can only be met with the Jewish kosher diet, not the vegetarian or meat alternative diet. Followers of the Nation of Islam's teachings are to eat foods that increase mental power and physical appearance, and to prevent illness. Plaintiff contends that members of the Nation of Islam are strictly advised not to eat food from cans or wax containers, to avoid bleached, white enriched flour foods, and to reduce fat intake. The vegetarian or meat alternative diet consists mostly of foods forbidden for a Muslim in the Nation of Islam. The kosher diet is composed of fruits, vegetables, nuts, tinned, fish, dairy products, and kosher cereal, and should be provided to Nation of Islam inmates. Plaintiff also requests the food be served on disposable plates with disposable utensils. Plaintiff's religion requires that Nation of Islam meals be served on plates and eaten with utensils that have not come in contact with non-kosher items.

Plaintiff provided Defendant C. Wegman with documentation regarding his membership in the Nation of Islam and being a student of the honorable Elijah Muhammad's teachings.[3] Defendant C. Wegman found that he qualified for a religious diet, but only offered vegetarian or meat alternative diet. Defendant C. Wegman did not consider the laws of Plaintiff's religion, referring to

---

[2] On November 19, 2012, Plaintiff filed a Motion for Default to be entered against Defendant for failure to file a responsive pleading to Plaintiff's First Amended Complaint. ECF No. 13. Plaintiff's motion is HEREBY ORDERED denied. Defendant filed a waiver of service on October 29, 2012, which provided a deadline of November 19, 2012 for Defendant to file a responsive pleading. On November 19, 2012, Defendant filed a Motion to Dismiss, which is timely. Thus, default against Defendant is not merited.

[3] It appears that the first date Plaintiff requested a kosher diet was February 23, 2011 when he submitted a CDCR Form GA 22, Inmate/Parolee Request. Compl. 13, ECF No. 1.

1  Plaintiff as a Christian and finding that he is not entitled to kosher food because he is not practicing
2  the Jewish faith.

3  Plaintiff requests as relief accommodations to receive kosher food while housed at KVSP,
4  suspension of Defendants without pay, and an award of nominal and/or punitive damages.

### III. Exhaustion of Administrative Remedies

#### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

#### B. Analysis

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2013). The process is initiated by use of a CDCR Form 602, Inmate/Parolee Appeal. *Id.* § 3084.2(a). A CDCR Form 602-A, Inmate/Parolee Appeal Form Attachment, shall be

used if additional space is needed to describe the issue under appeal or the relief requested. Appeals shall be initially submitted and screened at the first level of review, unless waived. *Id.* § 3084.7(a). There are three levels of review. *Id.* §§ 3084.7(a)-(c). An inmate must submit the appeal within thirty calendar days of the occurrence of the event or decision in question, upon first having knowledge of the action being appealed, or upon receiving an unsatisfactory response to an appeal. *Id.* § 3084.8(b). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not always require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that Plaintiff did not exhaust administrative remedies prior to filing this action. Def.'s Mem. P. & A. 3:26-4:24. Defendant submits as exhibits in support declarations from KVSP Appeals Coordinator B. DaVeiga, and Chief of the Office of Appeals Lozano. DaVeiga declares that between February 23, 2011 and June 9, 2011, Plaintiff submitted no appeals that KVSP's Institutional Appeals Office accepted for review. DaVeiga Decl. ¶ 4. Lozano declares that between February 23, 2011 and June 9, 2011, Plaintiff submitted no appeals that were accepted for third level review by the Office of Appeals. Lozano Decl. ¶ 3. Defendant has met her initial burden of demonstrating that Plaintiff has not exhausted administrative remedies. The burden shifts to Plaintiff to demonstrate that he has exhausted all available administrative remedies.

Plaintiff contends that he was thwarted by prison officials, namely B. DaVeiga, from exhausting administrative remedies. Pl.'s Opp'n 2:19-5:13. Plaintiff contends that he attempted to submit an inmate appeal, which was rejected by B. DaVeiga on April 18, 2011. Plaintiff complied with DaVeiga's instructions and resubmitted with a form CDCR 602A attached. DaVeiga rejected his appeal for being submitted at an inappropriate level. After two more rejections, Plaintiff

concluded that B. DaVeiga obstructed Plaintiff's ability to exhaust administrative remedies.  Plaintiff attaches as exhibits in support the screened out inmate appeal.  Pl.'s Opp'n, Ex. B.

There exists "an exception to the PLRA's exhaustion requirement where a prison official renders administrative remedies effectively unavailable by improperly screening a prisoner's grievances."  Sapp, 623 F.3d at 823.  To qualify for this exception, "the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

There is no dispute that if the grievance attached as Exhibit had been pursued through all level of administrative appeals, it would suffice to exhaust the claim.  Thus, the remaining issue is whether B. DaVeiga properly screened Plaintiff's appeal under applicable regulations.

### 1. First Rejection

Plaintiff first submits an inmate appeal on April 13, 2011, which was rejected on April 18, 2011.  DaVeiga rejected it pursuant to section 3084.6(b)(14), which states that an appeal can be rejected if "[t]he inmate or parolee has not submitted his/her appeal on the departmentally approved appeal forms."  Pl.'s Opp'n, Ex. B.  Plaintiff had included additional information on unapproved forms, and does not dispute this.  Additionally, DaVeiga rejected the appeal pursuant to section 3084.6(b)(9), as being "obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue."  This screen out was proper under Title 15 of the California Code of Regulations.

### 2. Second Rejection

Plaintiff resubmitted the appeal on April 21, 2011,[4] but again did not include the CDCR 602-A form. Defendant contends that Plaintiff resubmitted the same CDCR 602 stating that he was "dissatisfied with the First Level response" for failing to address Plaintiff's religious diet appeal, which DaVeiga construed as an appeal submitted at an inappropriate level prior to receiving a first

---

[4] Defendant contends that the appeal was resubmitted on April 21, 2011, based on an inmate appeal attached to Plaintiff's original Complaint.  ECF No. 1.  The Court takes judicial notice of all documents submitted in this action. Fed. R. Evid. 201.  Plaintiff submitted what purports to be a true and correct copy of the inmate appeal which he submitted regarding the claims in this action as an exhibit to his original complaint.

1   level response.  Def.'s Reply 3:22-4:4; Pl.'s Opp'n, Ex. C.  Plaintiff contends that he submitted the
2   form at the appropriate level.  Pl.'s Opp'n 3:2-13.  However, Plaintiff had filled out Section D of the
3   appeal, which is used when an inmate is dissatisfied with a First Level response in order to appeal
4   for a Second Level response.  Compl. 6, ECF No. 1.  Plaintiff did not yet receive a First Level
5   response.  Thus, DaVeiga's screening out of the appeal was appropriate under section 3084.6(b)(15)
6   for submission of the appeal for processing at an inappropriate level.  DaVeiga again rejected the
7   inmate appeal for failure to include additional information on the appropriate CDCR 602-A Form.
8   An examination of Plaintiff's Exhibit B indicates that a CDCR 602-A form was submitted on April
9   29, 2011, after Plaintiff had submitted his appeal for the second time.  It appears that Plaintiff did not
10  submit a CDCR 602-A form until the third instance. This is a proper screening, as Title 15 of the
11  California Code of Regulations permits such rejection.

### 3.     Third Rejection

On the third attempt, Plaintiff attached the additional information on the CDCR 602-A Form and his CDCR 22 Form, the Inmate/Parolee Request that he submitted on February 23, 2011 to Defendant Wegman, which was apparently not addressed.  Plaintiff also submitted a second CDCR 22 Form on April 12, 2011.  Defendant Wegman addressed this second request and informed Plaintiff to submit a CDCR 3030 Form.  Also attached was a letter from Defendant Wegman, dated April 12, 2011, which informed Plaintiff that he did not qualify for the Jewish kosher diet because Plaintiff is not Jewish.  Pl.'s Opp'n, Ex. F.

DaVeiga rejected this appeal on May 3, 2011 because Plaintiff failed to include necessary supporting documents as required by section 3084.6(b)(7), in this instance, the CDCR 3030 form noting the denial of kosher food.  Pl.'s Opp'n, Ex. E.  Necessary supporting documents are documents that clarify or resolve the appeal issue.  Cal. Code Regs. tit. 15, §§ 3084(h), 3084.3(a). This screening was proper, as Plaintiff's inmate appeal concerns the denial of the Jewish kosher diet, and CDCR 3030 Form, the Religious Diet request form, would clarify or resolve the appeal issue. The letter from Defendant Wegman, while informative of the likely outcome of the CDCR 3030 Form request, is not an actual denial of Plaintiff's request for kosher food.  Plaintiff resubmitted his appeal for the fourth time with the requested CDCR 3030 Form, which thus indicates that Plaintiff

had a reasonable belief that administrative remedies were available.

### 4. Fourth Rejection

On the fourth attempt, Plaintiff submitted the CDCR 3030 Form noting the denial of kosher diet. It was screened out by DaVeiga on May 12, 2011 for the following reasons. Pl.'s Opp'n, Ex. G. First, the appeal was deemed to have been submitted for processing at an inappropriate level, bypassing required lower levels pursuant to section 3084.6(b)(15). Plaintiff had filled out section D of the CDCR 602 Form, which is for use if a prisoner is dissatisfied with the First Level response. As stated previously, no First Level response was issued because Plaintiff's appeal had been rejected. Plaintiff was then directed to submit a new CDCR 602 Form.

Second, the appeal was rejected for missing necessary supporting documents under section 3084.6(b)(7). Plaintiff was instructed to submit the CDCR 3030 Form, with all additional information to be submitted on a CDCR 602-A Form, and all additional documentation to be detached.

The screening by DaVeiga was proper under the regulations. Plaintiff had not received a First Level response and was instructed that he could not fill out section D of the CDCR 602 Form until he had received said response. Plaintiff was further instructed to complete and submit a new CDCR 602 Form.

Plaintiff contends that if an appeal is rejected four times, it cannot be processed. This appears to be because of Section C on the CDCR 602 Form, which includes space for up to 4 rejection dates. However, Plaintiff was instructed after his fourth rejection to submit a new CDCR 602 form. Thus, Plaintiff did not have a reasonable good faith belief that he could no longer submit an administrative appeal. *See Sapp*, 623 F.3d at 826-27 (finding that the prisoner had no reasonable good faith belief that administrative remedies were effectively unavailable when appeals coordinator gave specific instructions on how the prisoner could receive the complained-of medical care).[5]

Plaintiff has not demonstrated that administrative remedies were rendered unavailable by

---

[5] Plaintiff had submitted a CDCR 3030 Form that apparently included additional information, which Plaintiff was instructed to submit on a CDCR 602-A Form. Plaintiff contends that he complied with DaVeiga's instructions when he submitted the appeal for the fourth time. It is unclear what documents were submitted on Plaintiff's fourth attempt to submit his appeal. Whether or not Plaintiff did comply does not affect the validity of DaVeiga's rejection of Plaintiff's appeal. DaVeiga's rejection based on section 3084.6(b)(15) for improperly filling out section D of the CDCR 602 Form was proper. DaVeiga instructed Plaintiff to submit a new CDCR 602 Form. Administrative remedies remained available, and Plaintiff did not further resubmit his inmate appeal.

7

prison officials.  Plaintiff has failed to exhaust administrative remedies as to his claim against Defendant C. Wegman for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000.  As that is the only claim in this action, the Court will dismiss the action in its entirety, without prejudice. *Wyatt*, 315 F.3d at 1119-20.

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Wegman's Motion to Dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, filed November 19, 2012, is granted;
2. This action is dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **May 29, 2013**              /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE